**F. W. MERRICK, Inc., et al. v. CROSS et al.**

No. 22056. Opinion Filed July 21, 1931.

Clayton B. Pierce and A. M. Covington, for petitioners.

Paul F. Showalter and Robert J. Keevan, for respondents.

CLARK, V. C. J. This is an action filed in this court by petitioners to review an award of the State Industrial Commission made on the 23rd day of December, 1930, wherein Joe Cross, respondent herein, was awarded compensation for 500 weeks for permanent total disability at the rate of $15.39 per week.

It is admitted by petitioners herein that the respondent, Joe Cross, on January 27, 1929, sustained an injury, arising out of and in the course of his employment while in the employment of the petitioner, F. W. Merrick, Inc., by being struck a glancing blow on the head by a falling sledge nipple.

The only contention made by petitioners is that the award for a total permanent disability is not supported by any competent evidence reasonably tending to show a total permanent disability and should be overruled as a matter of law.

Dr. M. S. Gregory testified, in substance: That he followed the special branch of medicine of nervous and mental diseases and was a graduate of the University of Michigan and had followed this special kind of specialty exclusively for ten years. That he examined the claimant in February of 1930, and on the 30th day of July, 1930, and the 1st of August, 1930, then again on the 12th day of November, 1930. On the first examination the symptoms at that time were severe dizziness, nervousness, headaches and sleeplessness, indicating something seriously wrong with the balance apparatus, which was the semi-circulatory canals and in the cerebellum, the middle-small brain behind. From the examination he gave the respondent, he did not see any evidence of any intention to malinger, and the examination revealed a deep depression well back of the left cortex running down the suture line. He testified as to giving the claimant different kinds of tests.

He further testified: That, in his opinion, respondent herein was permanently and totally disabled for industrial labor. That the depression, virtually extending down the line of suture, he considered as a fracture of the skull, at least of the external table, and believed that the inner table would also be fractured. That he considered there was a serious concussion at the base of the brain, and further testified that he did not think his mind was such that he was capable of contact now.

He further testified:

"Q. What work do you believe this man could do? A. Oh, he could do some light work where he moves around gradually, where it doesn't require heavy lifting and stooping and exertion. I would not advise him to climb. Q. What would you say as to his lifting? —Running a wheel barrow? A. Oh, well he should be kept under competent medical attention. As for labor, real labor, that would be out of the question."

The doctor did not state what character of work a man could do, who could not lift or could not stoop and should not exert himself and should not climb, and we are unable to comprehend a class of work that this man could do without doing some of the things that the doctor testified he could not do.

Dr. E. A. Warner, specialist on nervous and mental diseases, testified, in substance: That he first examined the respondent herein on July 31, 1930, and that he gave him several tests, and that upon examination he found that he had a fracture of the skull, and he had a positive Rhomberg and tremor on extending the finger and their real objective symptoms that he found was the fracture itself and pain on pressure and the positive Rhomberg and the pupils and the reflexes.

He further testified as follows:

"Q. What, in your opinion, doctor, is his disability, if any, from performing manual labor? A. I don't believe he will ever perform industrial manual labor again. He could hold some position, but not industrial manual labor. * * * Q. Why do you say, doctor, that he is unable to perform industrial manual labor and never will be able to? A. Well, from the physical signs. He is unable to stoop and has a throbbing sensation and is dizzy and has headaches, and if he climbs and is any height up in the air he is liable to fall—well, there is a lot of things. Q. Why do you say his condition is permanent? A. Because of the fracture of the skull."

Dr. F. B. Erwin testified, in substance: That he was a nerve and mental specialist, and had been in that special line for something like 12 or 14 years, and that he examined the respondent herein on two different occasions, and that from his examination and the history of the case, "I think the injury—accident he had, produced injury to the skull and was the original cause."

"Q. Is that seated in the brain or in the spinal cord? A. In the brain. Q. From both your examinations—your physicial examinations, what, in your opinion, is the claimant's disability to perform industrial manual labor; if he has a disability, so state it? A. I think he is, as far as performing industrial labor, I think he is permanently disabled from performing industrial manual labor, because any brain injury, any brain tissue once destroyed never replaces itself. Q. And you believe from your examinations, you found a permanent injury to the brain?

A. Yes. Q. * * * and does this incapacitate him physically from performing manual labor? A. Yes. * * * Q. Do you believe from your physical examination, Doctor, that he will ever be able to hold a job and work for someone else? A. No; I don't believe he will ever get any better. Q. What I am trying to get at—will he ever be able to hold a job and work for someone else? A. No; in my judgment he will not. Q. And you think that condition is permanent? A. Yes."

Without quoting further from the testimony introduced from the numerous hearings of this cause, the Industrial Commission found that the respondent herein sustained an accidental personal injury on January 27, 1929, arising out of and in the course of his employment, which resulted in a permanent disability to the respondent herein, and that respondent was totally disabled from performing any manual labor, and being questions of fact decided by the Industrial Commission, are binding upon this court where there is any competent evidence to sustain said findings, and, therefore, from a review of the record in this case, we hold that there is competent evidence to sustain the findings and the award of the Industrial Commission that the respondent herein is permanently totally disabled.

The judgment and award of the Industrial Commission is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1) anno. L. R. A. 1916A, 163, 266; L. R. A. 1917D, 186; 28 R. C. L. 828; R. C. L. Perm. Supp. p. 6252 et seq.; R. C. L. Pocket Part, title "Workmen's Compensation Acts," § 116.